UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:

JOHN S. SOLTYS,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
PROSEGUR SECURITY USA, INC, a Delaware　)
Corporation, and PROSEGUR GLOBAL RISK　)
SERVICES, LLC a Delaware Corporation,　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　)
_____/

## COMPLAINT

Plaintiff, JOHN S. SOLTYS, by and through undersigned counsel, files this Complaint and sues the Defendants, PROSEGUR SECURITY USA, INC., and PROSEGUR GLOBAL RISK SERVICES, LLC (collectively, "PROSEGUR" or "Defendants"), and states as follows:

## NATURE OF THE CASE

1. This Complaint seeks to recover damages resulting from the Defendants' violation of the Florida Private Whistleblower Act, Florida Statutes §§448.101 - 448.105. Defendants violated the Florida Private Whistleblower Act by unlawfully terminating Plaintiff's employment in retaliation for Plaintiff's written and oral objections to Defendants' actions which constituted violations of laws, rules or regulations.

## THE PARTIES

2. Plaintiff, JOHN S. SOLTYS, is a citizen of the state of Florida, and is *sui juris*.

3. Defendant PROSEGUR SECURITY USA, INC., is a Delaware Corporation with a principal place of business in Herndon, Virginia. PROSEGUR SECURITY USA has been

operating in Florida without being registered with the Florida Secretary of State as a foreign corporation conducting business in Florida. PROSEGUR SECURITY USA withdrew its foreign corporation status in Florida as of January 10, 2021. See Exhibit 1.

4. Defendant PROSEGUR GLOBAL RISK SERVICES, LLC is a Delaware Corporation with a principal place of business of Herndon, Virginia. PROSEGUR GLOBAL RISK SERVICES is a subsidiary of PROSEGUR SECURITY USA and maintains an office in Deerfield Beach, Florida. PROSEGUR GLOBAL RISK SERVICES has also been operating in Florida without being registered with the Florida Secretary of State as a foreign corporation conducting business in Florida.

## JURISDICTION AND VENUE

5. The amount in controversy in this action exceeds $75,000.00, excluding interest, costs and attorneys' fees, and is between a citizen of the State of Florida, and citizens of another state. As such, this action is within the diversity jurisdiction of the court in accordance with the provisions of 28 U.S.C. § 1332(a).

6. Venue in the Southern District of Florida is proper in this action under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred within the Southern District of Florida.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

7. Plaintiff was employed by the Defendants as the Vice President of Global Intelligence and Operations at PROSEGUR GLOBAL RISK SERVICES from October 2021 through the date of his unlawful termination on August 10, 2022. Plaintiff has worked at the PROSEGUR GLOBAL RISK SERVICES offices in Broward County, Florida since January 2022.

8. Plaintiff had extensive military, law enforcement and intelligence community experience prior to accepting employment with PROSEGUR. Plaintiff is a retired Navy SEAL

and a retired senior intelligence officer with the Central Intelligence Agency, who also formerly served as a Deputy United States Marshal, and a Special Agent with the United States Customs Service.

9. PROSEGUR GLOBAL RISK SERVICES was in the business of providing private investigative services in Florida and elsewhere, including the collection of evidence for use in civil and criminal cases, background investigations, criminal and non-criminal intelligence gathering, as well as executive protection services. PROSEGUR GLOBAL RISK SERVICES advertised these services on PROSEGUR SECURITY USA's website. See Exhibit 2.

10. Plaintiff reported to Robert L. Dodge, who was Chief Executive Officer for Global Risk Services at PROSEGUR. Mr. Dodge assumed the position of Chief Executive Officer for PROSEGUR GLOBAL RISK SERVICES in May 2021.

11. Prior to his employment with PROSEGUR, Mr. Dodge was employed for 7 years as a corporate executive at G4S. See Exhibit 3. G4S, which is now a subsidiary of Allied Universal, also provided corporate investigation, risk consulting, intelligence and executive protection services, and is a global competitor to PROSEGUR.

12. During the course of Plaintiff's employment at PROSEGUR, he became aware that PROSEGUR SECURITY USA and PROSEGUR GLOBAL RISK SERVICES were engaging in activities that constituted violations of laws, rules and regulations. Plaintiff objected – orally and/or in writing – to these violations.

Unlicensed Private Investigations

13. In order to offer, advertise and/or provide private investigative services in Florida, PROSEGUR GLOBAL RISK SERVICES was required by Florida statutes to be licensed as a private investigative agency with the Florida Department of Agriculture.

14. Pursuant to § 493.6120, Fla. Stat., it is a criminal violation to offer, advertise and/or provide private investigative services in Florida without having a valid private investigator license.

15. From the time Plaintiff was hired, through the date of his unlawful termination of employment, PROSEGUR GLOBAL RISK SERVICES did not have a private investigative agency license in Florida.

16. Plaintiff objected both orally and in writing to CEO Robert Dodge that PROSEGUR was unlawfully providing private investigative services without an appropriate license.

<u>False Representations Regarding Qualifications</u>

17. Because of the very sensitive nature of the types of corporate investigations conducted by PROSEGUR, the qualifications and backgrounds of PROSEGUR corporate officers and employees were highly material to current and prospective clients.

18. In making proposals to prospective clients, PROSEGUR would provide biographies on key personnel to the prospective clients touting the intelligence community and law enforcement experience of PROSEGUR GLOBAL RISK SERVICES's key personnel.

19. The biography provided by PROSEGUR to prospective clients regarding Robert Dodge's experience falsely claimed that Dodge had been an Anti-Terrorism Weapons, Tactics and training specialist in the United States Navy.  See Exhibit 4.

20. Plaintiff, who was in the United Stated Navy for over 20 years, confronted Robert Dodge with the fact that no such position existed in the Navy.  Plaintiff learned that Robert Dodge had actually held the position of boatswains mate (a member of the deck crew) while in the Navy.

21. Plaintiff objected to Robert Dodge regarding PROSEGUR's use of Dodge's false credentials.  Dodge initially ignored Plaintiff's objections, and stated to Plaintiff that current and

prospective clients wanted to see this type of experience. Eventually, Dodge removed the false information from his PROSEGUR biography.

22. Because Robert Dodge's false biography was sent through the mails and interstate wire communications to prospective clients for the purpose of misleading prospective clients regarding PROSEGUR GLOBAL RISK SERVICES's experience and capabilities, the use of the false biographic information violated state and federal fraud statutes, including the federal Mail Fraud and Wire Fraud statutes.

Trade Secrets Act Violation

23. Robert Dodge informed Plaintiff that upon Mr. Dodge's departure from G4S he was subject to a non-compete and confidentiality agreement for a period of 2 years. As part of the non-compete and confidentiality agreement, Dodge said he agreed that he could not solicit clients that were clients of G4S during his period of employment at G4S, nor could he use confidential information obtained during his employment with G4S.

24. In violation of Mr. Dodge's non-compete and confidentiality agreement, PROSEGUR actively sought to obtain Caterpillar Inc., as a client using confidential information Dodge had taken from G4S. At the time PROSEGUR SECURITY USA and PROSEGUR GLOBAL RISK SERVICES were soliciting Caterpillar as a client, Caterpillar was still a client of G4S.

25. In an effort to conceal Mr. Dodge's prohibited involvement in the solicitation of Caterpillar, Mr. Dodge referred to the effort to acquire Caterpillar as a client by the code name "Project Panther" in his emails and other communications.

26. PROSEGUR SECURITY USA and PROSEGUR GLOBAL RISK SERVICES used confidential pricing and other confidential information obtained from G4S by Mr. Dodge in formulating its proposal to Caterpillar.

27. While employed with G4S, Mr. Dodge had sent confidential information and documents from his G4S email account to his personal email account. Plaintiff was provided with copies of some of this information that Mr. Dodge forwarded from his personal email account to Plaintiff and others as PROSEGUR. Attached as Exhibit 5 are sample documents.

28. PROSEGUR's use of confidential information obtained by Robert Dodge from G4S constituted a violation of multiple state and federal laws protecting trade secrets, including the federal Theft of Trade Secrets statute, 18 U.S.C. §1832.

29. Plaintiff objected to Robert Dodge and PROSEGUR regarding Mr. Dodge's violation of the non-compete agreement, as well as PROSEGUR's use of G4S confidential information provided to PROSEGUR by Mr. Dodge. Plaintiff's objections were ignored.

<u>Unlawful Termination of Employment</u>

30. In retaliation for Plaintiff's objections to PROSEGUR's violations of laws, rules and regulations described above, PROSEGUR took negative personnel action against Plaintiff by excluding Plaintiff from internal and external company meetings, and by limiting his duties, responsibilities and authority within PROSEGUR GLOBAL RISK SERVICES.

31. The retaliation against Plaintiff escalated, and on August 10, 2022, Plaintiff's employment with PROSEGUR was unlawfully terminated in retaliation for his objections to PROSEGUR's violations of laws, rules and regulations.

32. Plaintiff was told that his employment was being terminated as part of a companywide reduction in force. This was a lie as PROSEGUR GLOBAL RISK SERVICES had already hired Plaintiff's functional replacement prior to Plaintiff's termination of employment.

33. Prior to Plaintiff's termination of employment, he had never received any formal or informal counseling regarding poor performance. To the contrary, Plaintiff had helped

PROSEGUR GLOBAL RISK SERVICES substantially exceed its targeted revenue and profit goals.

34. The negative personnel actions taken against Plaintiff by the Defendants constituted violations of the Florida Private Whistleblower Act.

35. All conditions precedent to the maintenance of this action have been fulfilled, have been waived, or have occurred.

36. Plaintiff has retained the undersigned attorneys to prosecute this action and has agreed to pay a reasonable fee for their services.

## COUNT I
## VIOLATION OF FLORIDA PRIVATE WHISTLEBLOWER ACT
(Against PROSEGUR SECURITY USA and PROSEGUR GLOBAL RISK SERVICES)

37. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 36 as if fully stated fully herein.

38. This is a cause of action against Defendants PROSEGUR SECURITY USA, INC. and PROSEGUR GLOBAL RISK SERVICES. LLC for retaliatory personnel action in violation of the Florida Private Whistleblower Act in response to Plaintiff's objections to one or more activities and practices of his employer which constituted a violation of a law, rule or regulation.

39. Pursuant to Florida Statutes §§448.101-448.105, Plaintiff is entitled to recover his lost wages, including interest and costs, as well as liquidated damages, as well as his expenses and attorneys' fees in bringing this action.

**WHEREFORE**, Plaintiff demands judgment for damages, together with interest, costs, and attorneys' fees and costs, and for such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial of this action by jury for all issues triable as of right by jury.

RESPECTFULLY SUBMITTED this 26th day of August, 2022.

/s Robert N. Nicholson
Robert N. Nicholson, P.A.
Florida Bar No. 933996
Email: Robert@NicholsonEastin.com
Nicholson & Eastin, LLP
707 N.E. Third Ave., Suite 301
Fort Lauderdale, FL 33304
Telephone: (954) 634-4400
Attorneys for John S. Soltys
